IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARGIE M. BROWN**                                                                                           **PLAINTIFF**

v.                                        NO. 4:07CV00665 WRW/BD

**MICHAEL J. ASTRUE,**
**Commissioner, Social**
**Security Administration**                                                                             **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from receipt of these findings and recommendations. A copy of objections must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

II. **Discussion**

Plaintiff, Margie M. Brown, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported a different decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability due to asthma, Epstein-Barr syndrome,[1] lumbar strain, hip contusion, high blood pressure, depression and a thyroid condition. (Tr. 102) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

---

[1] Epstein-Barr is a herpes virus that causes infectious mononucleosis. PDR Medical Dictionary 1966 (2d ed. 2000). Most cases resolve uneventfully, but complications may be dramatic. The Merck Manual 1611 (18th ed. 2006).

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from April 22, 2004,[3] through February 21, 2007, the date of his decision.  (Tr. 21)  On June 26, 2007, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 35 years old at the time of the hearing.  (Tr. 326)  She is a high school graduate.  (Tr. 297, 326)  She has past relevant work as a restaurant bus person, convenience store cashier and manager, poultry processing plant worker, chicken grader, janitor, and warehouse console operator.  (Tr. 13, 84-91)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*  A "severe"

---

[2]The Honorable Mark S. Anderson.

[3]The date after a previous hearing decision which the ALJ found to be entitled to administrative finality.  (Tr. 13)

impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20) He found that the record reflected a history of diagnosis or treatment for a disorder of the back, depression and urinary tract disorder. (Tr. 15) He found that Plaintiff had a combination of "severe" impairments, but that she did not have an impairment or combination of impairments that met or equaled a Listing. *Id.* He judged that Plaintiff's allegations regarding her limitations were not fully credible. (Tr. 18)

The ALJ found that Plaintiff retained the residual functional capacity for light work. (Tr. 16) Based in part on the testimony of a vocational expert, the ALJ found that

Plaintiff retained the residual functional capacity to perform her past relevant work as a cashier. (Tr. 19) Thus, the ALJ found that Plaintiff was not disabled. (Tr. 20)

Plaintiff takes issue with the ALJ's decision that she could perform her past relevant work as a cashier and argues that he should have given greater weight to her treating physician's opinion that she was disabled. (Br. 2, 5-6) Records indicate that Plaintiff first saw Joe D. Daugherty, M.D., January 17, 2003, and last saw him June 14, 2006, more than three months before the hearing. (Tr. 268, 226) On August 9, 2004, Dr. Daugherty indicated that he did not believe that Plaintiff was capable of being gainfully employed. (Tr. 244) On June 14, 2006, he wrote "still s̄ disability will try to refer to UAMS[.]" (Tr. 226) The symbol "s̄" means "without." Neal M. Davis, Medical Abbreviations: 15,000 Conveniences at the Expense of Communications and Safety, 290 (10th ed. 2001). Professor Davis notes in his book, "this is a dangerous abbreviation[.]" *Id.* Plaintiff treats the June 14 entry as saying that she is still disabled. (Br. 6) It appears that the ALJ did, too. "The opinion<u>s</u> of the claimant's treating physician, Dr. John Daugherty, have also been considered." (Tr. 19)(emphasis added).[4] Plaintiff's interpretation of Dr. Daugherty's June 14 note is certainly more consistent with his earlier notation. The ALJ did consider Dr. Daugherty's opinions, but rejected them as not supported by well documented medical evidence, treatment records or Plaintiff's statements of her daily activities and physical abilities. *Id.* Those are recognized bases for discounting a doctor's opinion. See *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002)(treating physician's opinion not entitled to substantial weight unless well supported by medically acceptable clinical and laboratory diagnostic techniques, and

---

[4]The Drs. Daugherty are in a clinic together. (Tr. 226-68)

5

consistent with other substantial evidence); *Besler v. Sullivan*, 963 F.2d 176, 178 (8th Cir. 1992)(doctor's report discounted because it was inconsistent with claimant's testimony).

Furthermore, his opinion that Plaintiff could not be gainfully employed is not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner. *Krogmeier v. Barnhart*, 294 F.3d at 1023; *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

Social Security Ruling 96-5p, at 5.

Plaintiff underwent a general physical examination in October of 2004. (Tr. 156-62) She had slightly reduced range of motion in the spine and some extremities. (Tr. 159) She was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 160) Gait and coordination were normal. *Id.* She could stand and walk without assistive device and walk on heels and toes. *Id.* Circulation was normal. (Tr. 161) The examining physician concluded that she had mild limitation in her lifting, carrying and squatting. (Tr. 162)

In early 2005, Plaintiff was treated by J. Samir Sulieman, M.D., for a urinary tract infection and left upper ureter calculus.[5] (Tr. 163-73) He saw no urological disability. (Tr. 168)

---

[5] A concentration formed in any part of the body, most commonly in the passages of the biliary and urinary tracts. PDR Medical Dictionary 268 (2d ed. 2000).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

### III. Conclusion

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 20th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE